IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA GOLDRING                    :

                                    :

    v.                              : Civil Action No. DKC 2004-1052

                                    :

TOWN OF LA PLATA, MARYLAND,         :
et al.                              :

**MEMORANDUM OPINION**

Presently pending  are (1) a motion to withdraw as attorney by Melvin L. Otey (paper 28), (2) a motion to dismiss for failure to permit in discovery by Harold Cunningham and Town of LaPlata (paper 29), and (3) a motion to dismiss for failure to respond to discovery by Civista Health Center and John Chasnor (paper 30).  No oppositions have been filed to any of the motions.

Since the filing of Mr. Otey's motion, additional counsel, Reuben B. Collins, II, has entered an appearance on Plaintiff's behalf and the appearance of Donald Temple remains. Accordingly, the motion of Mr. Otey to withdraw will be granted.

The court understands that, despite the absence of any written response to the motions to dismiss by Plaintiff, the parties are endeavoring to proceed with discovery and wish the court to defer ruling on the motions.

Fed.R.Civ.P. 37(d) provides:

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions referred to are:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Thus, the sanction of dismissal is authorized under the rule.

Such a drastic sanction, however, may not be imposed except in

the most compelling circumstances.  A court is to apply a four

factor test:

> (1) whether the noncomplying party acted in
> bad faith; (2) the amount of prejudice his
> noncompliance caused his adversary, which
> necessarily includes an inquiry into the
> materiality of the evidence he failed to
> produce; (3) the need for deterrence of the
> particular sort of noncompliance; and (4)
> the effectiveness of less drastic sanctions.
> *Id.* at 503-06.  [*Wilson v. Volkswagen of
> America, Inc.*, 561 F.2d 494, 503-06 (4th Cir.
> 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct.
> 744, 54 L.Ed.2d 768 (1978)].  Such an
> evaluation will insure that only the most
> flagrant case, where the party's
> noncompliance represents bad faith and
> callous disregard for the authority of the
> district court and the Rules, will result in
> the extreme sanction of dismissal or
> judgment by default. *Id.* at 504.  In such
> cases, not only does the noncomplying party
> jeopardize his or her adversary's case by
> such indifference, but to ignore such bold
> challenges to the district court's power
> would encourage other litigants to flirt
> with similar misconduct.  *National Hockey
> League*, [*v. Metropolitan Hockey Club Inc.*],
> 427 U.S. [639,] at 643, 96 S.Ct. at 2781;
> *Wilson*, 561 F.2d at 504.

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates,

Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

As noted above, while Plaintiff has not responded to the

motions to dismiss, counsel represent that discovery is indeed

taking place.  A complete failure to participate in discovery

without explanation would be in bad faith and clearly

3

prejudicial to other parties if a Plaintiff fails to answer material discovery requests.  No litigant can be permitted to file a law suit and then ignore discovery obligations.  It appears, however, that less drastic sanctions might be effective.  Now that new counsel has entered an appearance, Plaintiff will be provided an opportunity to provide discovery and the court will deny the motions to dismiss without prejudice.  If discovery disputes ripen, Defendants may renew their motions, or file new ones based on further developments.

     A separate Order will be entered.

                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge

                              May 4, 2005