```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

BARBARA GOLDRING                  :

    v.                            :  Civil Action No. DKC 2004-1052

TOWN OF LA PLATA, MARYLAND,       :
et al.                            :

## MEMORANDUM OPINION

Presently pending are two motions to dismiss for failure to provide discovery. The first was filed by Harold Cunningham and Town of LaPlata (paper 39), and the second was filed by Civista Health Center, Inc., and John Chanslor (paper 42). Plaintiff filed a single response (papers 47 and 46), and Defendants filed a consolidated reply (paper 48). For the following reasons, the motions to dismiss will be denied, but Plaintiff will be ordered to provide all requested documents within 5 days.

This is the second time Defendants have complained that Plaintiff has failed to respond to their requests for production of documents. They assert that, despite the earlier round of motions, Plaintiff, who responded to interrogatories[1], still has not produced any documents responsive to the requests originally

---

[1] Defendants report that they are in the process of briefing a motion to compel, or a motion in limine, concerning the adequacy of Plaintiff's answers to those interrogatories.

sent on February 16, 2005. Those requests covered more than medical records, and sought, inter alia, income tax returns and employment records.

Fed.R.Civ.P. 37(d) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions referred to are:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the

>     action or proceeding or any part thereof, or
>     rendering a judgment by default against the
>     disobedient party[.]

Thus, the sanction of dismissal is authorized under the rule. Such a drastic sanction, however, may not be imposed except in the most compelling circumstances. A court is to apply a four factor test:

>     (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.* at 503-06. [*Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-06 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978)]. Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. *Id.* at 504. In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct. *National Hockey League*, [*v. Metropolitan Hockey Club Inc.*], 427 U.S. [639,] at 643, 96 S.Ct. at 2781; *Wilson*, 561 F.2d at 504.

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

3

As noted above, while Plaintiff has not responded in writing to the requests for production of documents, other discovery is indeed taking place.  The court will attempt, one final time, to see whether a less drastic sanction might be effective.  Plaintiff is ORDERED to provide all requested documents within five business days.  Plaintiff must produce all documents in her possession or under her control and, if she contends that there are no responsive documents to a certain request, she must so state with specificity in writing.  Plaintiff will not be heard to make any objection to any document request.

A separate Order will be entered.

                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge

August 19, 2005