IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

BARBARA GOLDRING

:

    v.                               : Civil Action No. DKC 2004-1052

:

TOWN OF LA PLATA, MARYLAND,
et al.                               :

**MEMORANDUM OPINION**

This case involves an alleged incident on October 1, 2001,
between Plaintiff Barbara Goldring and Defendants Harold E.
Cunningham, a police officer and employee of Defendant Town of
La Plata, Maryland, and Defendant John Chanslor, a security
guard employed by Defendant Civista Health Center. Plaintiff's
claims include: (a) federal civil rights violations under 42
U.S.C. § 1983, (b) false imprisonment, (c) false arrest,
(d)battery, (e) negligence, and (f) state civil rights
violations under Article 26 of the Maryland Declaration of
Rights.[1]

On August 19, 2005, this court denied without prejudice
Defendants' motions to dismiss for Plaintiff's failure to

---

[1] The federal and state civil rights claims are brought
against Defendants Town of La Plata and Cunningham. The
remaining claims are brought against Defendants Cunningham,
Chanslor, and Civista Health Center. In her complaint,
Plaintiff also asserted defamation and assault claims, which the
court later dismissed because they were not brought within the
applicable statute of limitations.

provide discovery, but directed Plaintiff to provide all requested documents within five business days. (Paper 50). The court stated that Plaintiff must "produce all documents in her possession or under her control and, if she contends that there are no responsive documents to a certain request, she must so state with specificity in writing." Moreover, the court emphasized that Plaintiff "will not be heard to make any objection to any document request." The court noted that it was the second time Defendants had complained of Plaintiff's failure to produce requested documents, and emphasized that, pursuant to Fed.R.Civ.P. 37(d), dismissal is an authorized sanction for failure to provide discovery. The court noted it would "attempt, one final time, to see whether a less drastic sanction might be effective."

On August 24, 2005, Defendants Civista Health Center and John Chanslor, and Defendants Town of La Plata and Harold E. Cunningham both filed motions for summary judgment based on the merits of Plaintiff's claims (papers 51 and 52, respectively). On September 2, 2005, Defendants Civista Health Center and John Chanslor filed a supplemental memorandum recasting their previous motion as one for summary judgment or, in the alternative, to dismiss, based on Plaintiff's continued failure to provide discovery. (Paper 53). On September 6, 2005,

Defendants Harold E. Cunningham and Town of La Plata joined in and incorporated by reference the September 2, 2005, supplemental memorandum. (Paper 54). According to Defendants, as of September 2, 2005, Plaintiff had not complied with the court's August 19, 2005, Order because she had not produced any documents nor asserted in writing that there are no responsive documents to Defendants' requests.

On September 16, 2005, the court directed Plaintiff to show cause why the case should not be dismissed. (Paper 55). On September 28, 2005, the date Plaintiff's response was due, Plaintiff filed a motion for an extension of time to file her response to the show cause Order, which the court granted. The court allowed the extension of time but stated that with Plaintiff's response to the show cause Order, Plaintiff must also respond to the motions for summary judgment. On October 12, 2005, Plaintiff filed a single opposition memorandum to both the Civista/Chanslor (paper 51) and La Plata/Cunningham (paper 52) motions for summary judgment. (Paper 59).

On October 13, 2005, Plaintiff filed a document that she titled "Response to the Court's Order to Show Cause," (Paper 60), but what in substance was actually an opposition memorandum to Defendants' supplemental memorandum addressing Plaintiff's failure to provide discovery. Regarding the requested documents

3

that Plaintiff has not produced, Plaintiff first states that
although she doesn't have certain documents in her possession,
they are "inevitably irrelevant and overbroad" because Plaintiff
seeks only damages for "emotional distress and pain and
suffering."  Plaintiff then makes three general arguments
regarding her failure to provide discovery: the requested
documents are not relevant and/or Defendants are not prejudiced
by Plaintiff's failure to provide them, Defendants have already
obtained the documents through other means, or Plaintiff does
not have the requested documents, either within her possession
or because they do not exist.  Plaintiff makes no attempt to
explain why she did not comply with the court's August 19, 2005,
Order.  On October 26, 2005, Defendants Civista Health Center
and John Chanslor filed a response to Plaintiff's October 13,
2005, filing, and reiterated that as of that date, other than
copies of two photographs given to defense counsel at a
deposition, Plaintiff "has not produced a single document."
(Paper 63).

Fed.R.Civ.P. 37(d) provides:

> If a party . . . fails (1) to appear before
> an officer who is to take the deposition,
> after being served with a proper notice, or
> (2) to serve answers or objections to
> interrogatories submitted under Rule 33,
> after proper service of the interrogatories,
> or (3) to serve a written response to a
> request for inspection submitted under Rule

4

34, after proper service of the request, the
court in which the action is pending on
motion may make such orders in regard to the
failure as are just, and among others it may
take any action authorized under
subparagraphs (A), (B), and (C) of
subdivision (b)(2) of this rule.

The possible sanctions referred to are:

(A) An order that the matters regarding
which the order was made or any other
designated facts shall be taken to be
established for the purposes of the action
in accordance with the claim of the party
obtaining the order;

(B) An order refusing to allow the
disobedient party to support or oppose
designated claims or defenses, or
prohibiting that party from introducing
designated matters in evidence;

(C) An order striking out pleadings or parts
thereof, or staying further proceedings
until the order is obeyed, or *dismissing the
action or proceeding or any part thereof*, or
rendering a judgment by default against the
disobedient party[.]

Fed.R.Civ.P. 37(b) (emphasis added).  The drastic sanction of

dismissal is authorized, but may not be imposed except in the

most compelling circumstances.  The court must apply a four-

factor test to determine if such circumstances exist:

(1) whether the noncomplying party acted in
bad faith; (2) the amount of prejudice his
noncompliance caused his adversary, which
necessarily includes an inquiry into the
materiality of the evidence he failed to
produce; (3) the need for deterrence of the
particular sort of noncompliance; and (4)

5

the effectiveness of less drastic sanctions.
[*Wilson v. Volkswagen of America, Inc.*, 561
F.2d 494,] 503-06 [(4ᵗʰ Cir. 1977)].

*Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872
F.2d 88, 92 (4ᵗʰ Cir. 1989).

Dismissal of this case is justified under the Fourth
Circuit's four-factor test.  First, Plaintiff has acted in bad
faith.   In *Societe Internationale Pour Participations
Industrielles Et Commerciales v. Rogers*, 357 U.S. 197, 212
(1958), the Supreme Court  held that dismissal based on
noncompliance with a court order is not justified when it has
been established that failure to comply was "due to inability,
and not to willfulness, bad faith, or any fault of petitioner."
 In *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4ᵗʰ Cir. 1985), the
Fourth Circuit concluded that "failure to comply with a court
order 'where counsel clearly should have understood his duty to
the court' constituted professional negligence of a degree
amounting to 'fault.'"[2]  *Rabb*, 769 F.2d at 1000 (quoting *Cine
Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*,
602 F.2d 1062, 1068 (2ⁿᵈ Cir. 1979) (holding gross negligence is
sufficient to find "fault" even where there was no conscious
disregard of a court order)).   In *Rabb*, the Fourth Circuit
affirmed the district court's dismissal because it found that
the plaintiff had "deliberately disregarded" the court's order

---

[2] The Fourth Circuit cited *Rabb* in its analysis of the "bad
faith" element in *Mutual Fed. Sav. & Loan Ass'n,* 872 F.2d at 93.

without any justifiable excuse.  *Rabb*, 769 F.2d at 1000.  The court noted that "if there were legitimate reasons why [the] [p]laintiff could not comply with the Pre-trial Order the proper procedure would have been for the [p]laintiff to move for an extension of time within which to comply," which the plaintiff did not do.  *Id*.  The court concluded: "[W]e hold that the district court was not clearly erroneous in its finding of willful disregard and that the fault found by the district court was sufficient to satisfy the standard set forth in *Societe Internationale*, 357 U.S. at 212."

Plaintiff's noncompliance with the court's Order was not due to her inability to comply, or circumstances beyond her control. *See Societe Internationale*, 357 U.S. at 211.  The court directed Plaintiff either to produce the requested documents or, if there are no responsive documents, to reply accordingly in writing, within five business days.  Plaintiff did neither, and responded only after the court issued a show cause Order a month later. In that response, Plaintiff offers absolutely no reason for her noncompliance.  Instead, Plaintiff objects to certain discovery requests as being irrelevant, argues that Defendants have not been prejudiced by the lack of discovery, or states that Defendants already have the requested information or that Plaintiff does not possess the documents Defendants request.  It is not Plaintiff's right to determine what is relevant and the court expressly stated in its August 19, 2005, Order, that any

7

objections to Defendants' requests would not be heard.[3]  The
court's Order was direct and unambiguous – Plaintiff was
required, within five business days, either to produce the
requested documents, or, if she contends there are no responsive
documents, to state so in writing.  Plaintiff willfully and
inexcusably disregarded the court's Order and as such acted in
bad faith.  *See Societe Internationale,* 357 U.S. at 212; *Mutual*
*Fed. Sav. & Loan Ass'n*, 872 F.2d at 92; *Rabb*, 769 F.2d at 1000;
*Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1068.

With regard to the second factor, the documents Defendants
seek are essential to Defendants' case and Defendants have been

---

[3] Moreover, Plaintiff's "Response to the Court's Order to
Show Cause" contradicts her own deposition testimony.  With
regard to Defendants' request for medical records related to
treatment for injuries or damages allegedly related to the
occurrence in question, Plaintiff states that she "received all
of her medical care for injuries sustained as a result of this
occurrence at Defendant Civista."  Therefore, Plaintiff argues,
Defendant Civista is already privy to this information.  This,
however, is in direct opposition with Plaintiff's own
deposition, in which she testified under oath that she was seen
on multiple occasions by providers outside of Civista for
injuries she attributes to the occurrence in question.  For
example, Plaintiff testified that she sought treatment from a
doctor in St. Mary's county, Maryland, for injury to her right
eye as a result of the incident.  (Paper 51, ex. 1, deposition
of Barbara Goldring, at 9-19).  Plaintiff also testified that
she sought treatment from another doctor regarding a mass in her
breast.  Plaintiff claims that this doctor told her the mass was
a result of the "blow" to her during the incident in question.
(Paper 51, ex. 1, deposition of Barbara Goldring, at 46-51).
*See Towns v. Morris*, No. 93-1295, 1995 WL 120687, at *3 (4th Cir.
March 22, 1995) (unpublished) (finding bad faith where the
plaintiff sent responses to interrogatories that contradicted
with medical records later provided to the defendant).

prejudiced by Plaintiff's failure to provide discovery. Defendants seek, *inter alia*, medical records relating to the treatment of injuries allegedly resulting from the incident; other medical records regarding treatment Plaintiff has received within the past ten years; copies of tax returns, materials regarding earning capacity, and employment records; copies of photographic evidence of Plaintiff's injuries allegedly resulting from the incident; and all written material and physical evidence Plaintiff intends to use at trial.  This information relates to Defendants' liability, causation, and damages, and is essential to preparing a complete defense. Plaintiff's failure to produce the requested discovery is therefore prejudicial.

Third, "ignoring the direct order[] of the court with impunity . . . must obviously be deterred." *Mutual Fed. Sav. & Loan Ass'n*, 872 F.2d at 93.  As the Fourth Circuit noted, not only does Plaintiff jeopardize Defendants' case through her noncompliance, if the court ignored Plaintiff's "bold challenges to [its] power [it] would encourage other litigants to flirt with similar misconduct."  *Id*. at 92.  Plaintiff's willful and inexcusable failure to comply with an Order of this court must be sanctioned so that similar misconduct is not encouraged in the future.

Fourth, this court has given Plaintiff multiple opportunities to comply with Defendants' discovery requests and has put Plaintiff on direct notice that dismissal would be an

appropriate sanction should her failure to provide discovery continue.  On May 4, 2005, the court denied without prejudice Defendants' motions to dismiss for Plaintiff's failure to provide discovery.  On August 19, 2005, the court again denied without prejudice Defendants' second motions to dismiss for failure to provide discovery.  In the April 19, 2005, Order, the court directed Plaintiff to provide the requested documents (or a writing stating the nonexistence of such documents) within five business days.  The court expressly warned Plaintiff that a continued failure to provide discovery would result in dismissal.  Plaintiff ignored the court's Order and made no response until the court issued a show cause Order nearly a month later.  On the day that Plaintiff's response to the show cause Order was due, instead of a responsive filing, Plaintiff asked the court for more time.  On October 13, 2005, when Plaintiff finally did respond to the show cause Order, she offered no excuse for her noncompliance and still has not produced the documents.  Moreover, no other less drastic sanction would remedy Plaintiff's conduct.  Plaintiff has already defied a direct Order of this court and has offered no excuse.  To date, other than two photographs, Plaintiff has failed to produce any documentation.  The requested discovery does not merely relate to a minor aspect of Plaintiff's proof that she can be precluded from using.  Instead, as pointed out by Defendants, this material is sought by them in order to explore fully the merits of Plaintiff's claims.  Thus, no

sanctions short of dismissal can remedy the situation.   A
separate Order will follow.


                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge